OVERTON, Administrator of Estate of KERSTING, Respondent, v. WHITE, Appellant.

St. Louis Court of Appeals, June 11, 1907.

1. **EXECUTION: Motion to Quash.** Where an execution contained a proper heading, and recitals showing the court which issued it, the judgment upon which it was issued, where the judgment was recovered and the amount of it, and was properly attested by the clerk with the seal of the court, it was in good form.

2. ———: ———: **Erroneous Statement of Fact: Frivolous Appeal.** The fact that the Court of Appeals in affirming a judgment made an erroneous statement of some fact contained in the record, does not afford ground for a motion to quash an execution issued thereon. An appeal from an order overruling the motion to quash on such ground is frivolous.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney, Judge.*

AFFIRMED.

*Kinealy & Kinealy* for appellant.

(1)   The court on a motion to quash will look beyond the execution, to the judgment, and not put the party to a proceeding to vacate the judgment.   Ex parte James, 59 Mo. 280; Lecontour v. Peters, 57 Mo. App. 449.   (2)   The judgment of the Court of Appeals of affirmance in Kersting v. White is based upon the assumption of the existence of a state of facts which the did not exist and do not appear in the record and are inconsistent with the conclusive record facts.   It is therefore void, and the case is still before the St. Louis Court of Appeals and no final judgment exists on which execution can issue, and merely incorrectly stating in the opinion that certain facts exist which do not exist, as the record shows, does not make them exist or support a judgment based on their supposed existence.   Ex parte O'Brien, 127 Mo. 489; Connors v. Darling, 23 Q. B. (U. C.) 541, 550; In re O'Leary, 25 Mich. 144; In re Hardigan, 57 Vt. 102.

*L. P. Crigler* and *R. L. Shackelford* for respondent.

GOODE, J.—This appeal was taken from an order overruling a motion to quash an execution.   We transferred the cause to the Supreme Court for the reason that various propositions of constitutional law were raised by the appellant in the court below and determined against him.   The Supreme Court has remanded the cause to this court, thereby determining, in effect, that no constitutional question requires decision.   One point made against the validity of the execution is that it fails to identify the judgment, or show by what court it was rendered, or the execution issued.   The execution is practically in the form prescribed by statute.   [R. S. 1899, sec. 3152.]   It is headed "County of St. Louis, etc." and recites that Louis Kersting (who was respondent's decedent) on the twenty-third day

of February, 1905 "in our Circuit Court, recovered against the defendant, Robert White, the sum of two thousand ($2,000) dollars, debt and damages, together with six per cent interest per annum thereon and costs," etc. These recitals clearly show what court issued the execution, what judgment it was issued on and where the judgment was recovered. The execution is attested as follows:

"Witness, Thomas Winer, clerk of said court, with the seal of said court hereto affixed, this 30th day of June, 1906.            THOS. W. WINER,

"Clerk."

The seal of the court is affixed to the attesting clause. We must hold the execution was in good form.

Another ground relied on in support of the motion to quash is that in the opinion of this court affirming the judgment of the circuit court in the case of Overton v. White, 117 Mo. App. 576, 93 S. W. 363, an error occurred in regard to a fact shown by the record. The attorney for the plaintiff in his argument to the jury had commented on some excluded evidence and the defendant's counsel had raised an objection. In the opinion it was stated that thereupon plaintiff's counsel corrected his statement, and said he had called the name of the defendant when he intended to call the name of one Henry, a witness in the cause. The court was in error in stating the record showed the plaintiff's attorney so stated, but the matter was not vital on the appeal. Although defendant's counsel objected to what plaintiff's counsel said, no exception was saved and the court admonished plaintiff's counsel that his remarks were improper. It is perfectly apparent that even if the point had been material on the other appeal, what was said about it afforded no ground for quashing the execution. This appeal looks frivolous and we possibly might award damages for it as respondent demands. [R. S. 1899, sec. 867.] In our opinion, the

judgment as rendered, with interest and costs, is as much as defendant ought to be called on to pay on the proof adduced against him.    Judgment affirmed. All concur.